Case No. 8:17-cv-0781 DOC (DFMx)                    Date: June 16, 2017

Title: 2151 MICHELSON, L.P. V. CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]; GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION [11]**

    Before the Court are Plaintiff 2151 Michelson, L.P.'s ("Plaintiff" or "Michelson") Motion to Remand Action to the Superior Court of California, County of Orange ("MTR") (Dkt. 16), and Defendant Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints' ("Defendant" or "CPB") Motion to Dismiss and Compel Arbitration ("MTD") (Dkt. 11). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion to Dismiss and Compel Arbitration.

## I. Background

### A. Facts

The Court adopts the facts as set out in Plaintiff's Complaint. Declaration of Christopher S. Hill ("Hill Decl.") (Dkt. 2) Ex. A ("Compl.").

In 1977, Plaintiff and Defendant entered into a fifty-five-year lease. Hill Decl. Ex. A ("Lease"); Compl. ¶ 7. The property is located in Irvine, California, and Defendant is the current lessor. Compl. ¶ 6.

The Lease provides that as lessee, Plaintiff will pay $88,165.00 per annum in rent to Defendant. *Id.* ¶ 8. The Lease also states that at the end of the twenty-fifth year and the fortieth year of the Lease, the annual rental "shall be adjusted to that sum which the Lessor could derive from said property if it were made available on the open market for new leasing purposes . . . ." *Id.*

According to the Lease, if the parties fail to agree upon the adjusted annual rent at the end of the twenty-fifth or fortieth years, the amount of rent will be determined by arbitration. *Id.* ¶ 9. In the event of such a disagreement, the lessor will appoint an arbitrator and give notice to the lessee, who will then also appoint an arbitrator and provide notice to the lessor. *Id.* The two arbitrators will appoint a third arbitrator. Lease at 20. If either party fails to appoint an arbitrator or give notice under the terms of the Lease, the other party "shall have the right to apply to the Superior Court of Orange County, California, to appoint an arbitrator to represent the defaulting party." Compl. ¶ 9.

In 2002, at the end of the twenty-fifth year of the Lease, Defendant failed to provide notice as required by the Lease. *Id.* ¶ 10. Accordingly, Plaintiff filed a declaratory relief action in the Orange County Superior Court. *Id.* Defendant filed a cross-complaint, and the court found for Plaintiff. *Id.* ¶¶ 11–12. Defendant appealed the judgment, *id.* ¶ 13, and the California Court of Appeal reversed and remanded. MTR at 4. After another bench trial in Orange County Superior Court, the court again entered judgment in favor of Plaintiff. *Id.*

In 2017, at the end of the fortieth year of the Lease, Defendant again failed to provide notice by the deadline provided by the Lease. *Id.* at 5.

## II. Procedural History

On March 29, 2017, Plaintiff filed the instant complaint in the Superior Court of Orange County. *See* Compl. at 1. Plaintiff seeks declaratory relief for the following four

disputes: (1) the determination of the appropriate rental rate for the property; (2) the appropriate methodology to use in determining that rate; (3) whether the Court is precluded from reaching the merits of (1) and (2) in light of previous California state court decisions between the parties; and (4) whether Defendant waived its right to compel arbitration. Compl. ¶ 22.

On May 2, 2017, Defendant removed this case to federal court. Notice of Removal from Superior Court of Orange County ("Notice") (Dkt. 1).

On May 9, 2017, Defendant filed the instant motion to dismiss. Plaintiff opposed on May 22, 2017 ("MTD Opp'n") (Dkt. 17), and Defendant replied on May 26, 2017 ("MTD Reply") (Dkt. 18).

Plaintiff filed the instant motion to remand on May 19, 2017. Defendant opposed on May 26, 2017 ("MTR Opp'n") (Dkt. 19), and Plaintiff replied on June 5, 2017 ("MTR Reply") (Dkt. 21).

## III. Legal Standard

### A. Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within thirty days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

"[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159

F.3d 1209, 1213 (9th Cir. 1998) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."). Therefore, "a party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction." *Id.* Once a defendant has properly removed a case, "the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.*

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

### B. Motion to Dismiss and Compel Arbitration

Although framed as a motion to dismiss, Defendant's Motion seeks an order compelling arbitration. Thus, the Court will apply the legal standard applicable to a motion to compel arbitration.

"An agreement to arbitrate is a matter of contract." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "It is a way to resolve those disputes—but only those disputes—the parties have agreed to submit to arbitration." *Id.*

The Federal Arbitration Act ("FAA") provides that "any arbitration agreement within its scope shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. It permits any party "aggrieved by the alleged . . . refusal of another to arbitrate" to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement. *Id.* at § 4; *Chiron Corp.*, 207 F.3d at 1130. The Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). When a party moves to compel arbitration, interpreting the parties' intent on certain issues in the agreement remains "within the province of judicial review." *MoPet v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).

Further, in determining whether to grant a motion to compel arbitration, a court may simply grant dismissal of the action an action when all the issues are arbitrable. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1088).

## IV. Discussion

### A. Motion to Remand

Plaintiff argues that remand is appropriate for four reasons: (1) lack of diversity jurisdiction; (2) the court is able to, and should, exercise its discretion and remand this action to state court; (3) Defendant has waived its right to removal; and (4) the forum selection clause in the Lease mandates adjudication in state court. MTR at 2. In its Opposition, Defendant argues that Plaintiff's arguments are "fatally flawed." MTR Opp'n at 1. The Court will address each of Plaintiff's arguments in turn.

#### 1. Diversity Jurisdiction

First, Plaintiff contends that the instant action is suitable for remand because Defendant has failed to demonstrate diversity jurisdiction.[1] MTR at 7.

A notice of removal must include a "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), including a statement of jurisdiction. *See* 28 U.S.C. § 1332(a). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A corporation is considered a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. A corporation's principal place of business is the "actual center of direction, control, and coordination . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Plaintiff argues that because Defendant is registered to do business in California, and has "made no allegations as to the location of its core functions," Defendant has failed to establish that its principal place of business is not in California. *See* MTR at 7. Plaintiff does not allege that Defendant is actually a citizen of California. *See id.* Because Plaintiff is a citizen of California, Compl. ¶ 1, Defendant must be a citizen of a state other than California in order to establish diversity jurisdiction. 28 U.S.C. § 1332. Defendant's Notice states that Defendant is a "Utah corporation sole with a principal place of business in Utah," and that "Plaintiff is a limited partnership none of whose members are Utah

---

[1] Plaintiff does not contend that the amount in controversy requirement is not met. *See* MTR at 7. Therefore, the Court addresses only Plaintiff's contention that Defendant did not establish diversity of citizenship.

citizens." *See* Notice at 2. This is sufficient to allege Defendant's citizenship and establish diversity jurisdiction.

Accordingly, the Court finds that Defendant's Notice properly included a short and plain statement of the grounds for diversity jurisdiction.

### 2. Exercise of Discretion

Second, Plaintiff argues that the Court should decline to hear the instant action under 28 U.S.C. § 2201(a). MTR at 7.

When exercising discretion in asserting jurisdiction, a district court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991)).

### a. Preclusion of State Court Judgment

First, Plaintiff asserts that by exercising jurisdiction over the instant action, this Court would needlessly adjudicate state law issues. MTR at 9. Specifically, Plaintiff argues that this Court's exercise of jurisdiction would "unnecessarily pass judgment on the preclusive effect of the California courts' decisions and proceedings regarding the parties' Lease." *Id.*

However, federal courts are empowered to address issues of state court preclusion. *See, e.g.*, *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738; *see Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986). Therefore, Plaintiff's argument on this issue is unavailing.

### b. Forum Shopping

Second, Plaintiff argues that allowing this action to proceed in federal court will allow forum shopping. MTR at 9. Plaintiff states that Defendant "has removed this case in the hope that a different tribunal will apply less than the full preclusive effect due to the California Superior Court's judgment and decision by the California Court of Appeal." *Id.* at 9. In its Opposition, Defendant notes that Plaintiff has not identified any advantages Defendant will gain from litigating the current action in federal court, MTR

Opp'n at 5; indeed, Plaintiff argues only that removal of the action gives Defendant an "undisclosed advantage." MTR Reply at 6.

There is no evidence that Defendant has engaged in forum shopping, and the Court will not decline to exercise of jurisdiction over the instant action on that basis.

### c.      Duplication of Proceedings

Third, Plaintiff contends that denying remand will cause duplication of proceedings already litigated by the parties in California state court. MTR at 9. As an initial matter, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). But in any event, the prior state court proceedings between the parties ended in 2008. Hill Decl. Ex. C at 1; *see also* MTR Opp'n at 5. Thus, there is no other parallel state proceeding between the parties that would be disturbed by a denial of remand.

To the extent that litigating this case will cause duplication of efforts already made in the now-closed state court case, the parties agreed to a contract that allowed for renegotiation of the rental rate at at least two distinct stages. In light of this agreed-upon scheme, the Court is not persuaded that the fact of a second litigation on very similar issues would impermissibly cause duplication of efforts.

### 3.      Waiver of Right to Removal

Third, Plaintiff argues that Defendant has waived its right to remove the instant action. MTR at 9. Plaintiff maintains that Defendant waived this right in 2008 when it litigated, in state court, the rent adjustment after the twenty-fifth year of the Lease. *Id.* at 10. In support of this argument, Plaintiff cites Eleventh Circuit authority providing that a defendant in state court "'may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . .'" *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (per curiam) (citation omitted).

Here, Plaintiff served the Complaint on Defendant on April 4, 2017. Hill Decl. Ex. C at 31. Defendant filed its Notice of Removal on May 2, 2017. Notice at 3. In the period of time between service of the Complaint and filing of the Notice of Removal, Defendant did not take any offensive or defensive action. MTR Opp'n at 6. Thus, even if this Court were to follow the Eleventh Circuit, *Yusefzadeh* is inapplicable to the facts of this case.

Plaintiff has provided no authority suggesting that prior litigation in state court on a separate, albeit related, dispute, is sufficient to waive Defendant's right to remove this action to federal court, and the Court is aware of none. Accordingly, the Court finds that Defendant has not waived its right to removal in this way.

### 4. Forum Selection Clause

Fourth and finally, Plaintiff argues that Defendant contractually waived its right to remove the action to federal court. MTR at 9–10. When parties include a forum selection clause in a contract, a court should uphold it absent evidence of "fraud, undue influence, overweening bargaining power, or such serious inconvenience . . . so as to deprive that party of a meaningful day in court . . . ." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984).

Plaintiff asserts that by signing the Lease, the parties agreed that the Superior Court of Orange County was the appropriate forum for any issues relating to the arbitration clause. MTR at 10. The Lease provides that if a party fails to appoint an arbitrator and provide notice within the requisite time period, "the other party shall have the right to apply to the Superior Court of Orange County, California, to appoint an arbitrator to represent the defaulting party." Lease at 20. This language does not suggest that the parties cannot litigate the action in federal court—rather, it makes clear that the parties simply have the right to file an action in state court seeking the appointment of an arbitrator. The Court finds that the Lease does not mandate litigation of the instant claims in state court.

For the reasons explained above, the Court DENIES Plaintiff's Motion to Remand.

### B. Motion to Dismiss

Defendant argues that the instant action should be dismissed because all of Plaintiff's claims are subject to arbitration under the Lease. MTD at 8. As explained above, the Court analyzes Defendant's Motion to Dismiss as a motion to compel.

In its Opposition, Plaintiff sets forth three reasons why the Court should deny Defendant's Motion to Dismiss: (1) if the Court remands the instant action, the Motion to Dismiss will be "moot;" (2) only the rent adjustment issue is potentially subject to arbitration; and (3) Defendant waived its right to compel arbitration. MTD Opp'n at 2.

The Court has determined that it will deny Plaintiff's Motion to Remand, so Plaintiff's first argument is itself moot. Accordingly, the Court will address only Plaintiff's two remaining arguments.

### 1.     Arbitrability of Claims

Defendant argues that the Court should dismiss Plaintiff's claims for declaratory relief because they are all subject to binding arbitration. MTD at 8. In opposition, Plaintiff asserts that only the issue of rent adjustment is subject to arbitration. MTD Opp'n at 2. The Court will address the arbitrability of each claim in turn.

The first issue is whether determination of the rental rate is covered by the arbitration clause in the Lease. The Lease provides that if the parties fail to agree upon the adjusted annual rent at the end of the fortieth year, the amount of rent is to be determined by arbitration. Lease at 2. Plaintiff also concedes that the rent adjustment issue may be arbitrable. *See* MTD Opp'n at 7–9 (premising waiver argument on the grounds that the rent adjustment determination is subject to arbitration). The Court finds that on its face, the Lease provides that the rental rate determination is subject to arbitration.

The second issue is whether the question of which methodology to use in determining the rental rate is subject to arbitration. In deciding whether an issue is subject to arbitration, "it will be proper to consider whether the conduct in issue is on its face within the purview of the clause."). *Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, Local No. 80, Int'l Bhd. of Teamsters*, 605 F.2d 1290, 1295 (2d Cir. 1979). Here, the rental rate cannot be determined without the use of some methodology, and the rental rate determination is subject to arbitration. Therefore, the Court finds that the issue of selecting a methodology is within the purview of the Lease's arbitration clause.

The third issue is whether the question of state court preclusion is subject to arbitration. The issue of preclusion is only relevant if the Court denies the Defendant's Motion and reaches the merits of this case—at which stage the Court would of course respect the principles of preclusion. However because it finds that the first and second issues above are subject to arbitration, and, as explained below, that Defendant has not waived its right to compel arbitration, the Court need to reach the issue of preclusion here. More importantly, however, it is unclear how the issue of whether a previous state court judgment has preclusive effect could, itself, be subject to arbitration.

The issues of rental rate determination and the appropriate methodology necessary to make that determination are both subject to arbitration under the Lease. The state court

preclusion issue is not subject to arbitration and is irrelevant to determining whether arbitration should be compelled.

## 2. Waiver of Right to Compel Arbitration

The Court now turns to Plaintiff's argument that Defendant has waived its right to compel arbitration. A party seeking to prove that the opposing party waived its right to arbitration must demonstrate "'(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)).

First, the parties do not dispute that Defendant had the right to compel arbitration. *See* MTD at 4; *see also* MTD Opp'n at 2, 7–9. Thus, the Court finds that the first requirement is met.

Second, Plaintiff argues that Defendant acted inconsistently with the right to compel arbitration when, in the 2002 case, Defendant did not move to compel arbitration and instead litigated the case in state court. MTD Opp'n at 9. Defendant's actions in a separate case fifteen years ago are irrelevant to whether it took action inconsistent with the right to compel arbitration in the instant action. Plaintiff makes no arguments on this point relevant to this action. Therefore, the Court finds that Plaintiff has not borne its burden of showing that the second requirement is satisfied.

Third, Plaintiff contends that it will be prejudiced if it is forced to both litigate this action in court and arbitrate. *Id.* Plaintiff argues that (1) it will be unjustly subject to potentially conflicting decisions; (2) it will be negatively impacted if the law of the case is disregarded in arbitration proceedings; and (3) it will be required to undergo unnecessary and costly discovery during the arbitration process that Plaintiff already conducted in the prior litigation against Defendant. *Id.* at 9–10. Plaintiff's arguments are unavailing.

The Court is aware of only one ongoing action between the parties based on the rental rate determination issue at hand. Thus, there is no risk of a conflicting decision on these facts. There is also no law of the case in this matter. This doctrine provides that decisions in a case regarding a rule of law "should continue to govern the same issues in subsequent stages *in the same case*." *Arizona v. California*, 460 U.S. 605, 618 (1983) (emphasis added). To date, there have been no decisions on any rule of law in this case. To the extent that Plaintiff is arguing that an arbitrator is less likely than the Court to

respect the preclusive effect of prior state court decisions, this Court has no control over the decisions of hypothetical future arbitrators.

In addition, the Ninth Circuit has already found that the expenses incurred during the discovery stage of prior proceedings are not evidence of prejudice. *See Fisher*, 791 F.2d at 698. In *Fisher*, the court found that additional expenses resulting from initially litigating arbitrable claims did not prejudice plaintiffs. *Id.* (finding plaintiffs' "wound was self-inflicted. [Plaintiffs] were parties to an agreement making arbitration of disputes mandatory . . . [a]ny extra expense incurred as a result of [plaintiffs'] deliberate choice of an improper forum . . . cannot be charged to [Defendant]."). Furthermore, Plaintiff has chosen to litigate this action instead of using the Lease's arbitration process to determine the rental rate, and "courts are reluctant to find prejudice to the plaintiff who has chosen to litigate." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005).

Accordingly, the Court finds that Defendant has not waived its right to arbitration.

## V.     Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendant's Motion to Dismiss and Compel Arbitration. This case is DISMISSED without prejudice to the parties' pursuing arbitration of these issues consistent with the Lease's arbitration clause.

The Clerk shall serve this minute order on the parties.